**IIN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DENNEVER LIVINGSTON,** | : | **CIVIL NO. 1:15-CV-1025** |
| | : | |
| **Petitioner** | : | **(Chief Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **WARDEN LENARD ODDO,** | : | |
| | : | |
| **Respondent** | : | |

**<u>MEMORANDUM</u>**

Presently before the court is a petition for writ of habeas corpus (Doc. 1) pursuant to 28 U.S.C. § 2241 filed on May 27, 2015, by petitioner Dennever Livingston ("Livingston"), a federal inmate incarcerated at the Allenwood United States Penitentiary ("USP-Allenwood"), in White Deer, Pennsylvania.  Livingston claims that his due process rights were violated in the context of a prison disciplinary hearing.  The petition is ripe for disposition and, for the reasons that follow, will be denied.

**I.  <u>Background</u>**

In May 2002, while incarcerated at the Federal Correctional Institution in Jesup, Georgia, Livingston was charged in Incident Report Number 982465 with "threatening bodily harm", in violation of Federal Bureau of Prisons ("BOP") Prohibited Acts Code Section 203.  (Doc. 1, p. 2; Doc. 8-2, Ex. 1, Declaration of K. Michael Sullivan, Senior BOP Attorney ("Sullivan Decl."), ¶ 3).  A disciplinary hearing was held and the disciplinary hearing officer ultimately found that

Livingston committed the act as charged and sanctioned him with a loss of twenty-seven days of good conduct time.  (Doc. 1, p. 2).

Livingston did not immediately appeal the disciplinary hearing officer's decision.  Rather, he waited until October 1, 2014, at which time he submitted an appeal to the Northeast Regional Office, assigned Remedy Number 796755-R1. (Doc. 8-2, Sullivan Decl. ¶ 16; Doc. 8-2, p. 17, Administrative Remedy Generalized Retrieval).  On October 6, 2014, Administrative Remedy Number 796755-R1 was rejected.  (Doc. 8-2, Sullivan Decl. ¶ 17; Doc. 8-2, p. 17, Administrative Remedy Generalized Retrieval).   The Northeast Regional Office informed Livingston that he did not enclose a copy of the DHO report nor its date, and that he failed to identify the charges being appealed.  (Id.)   The Northeast Regional Office instructed Livingston to provide a copy of the DHO report which was the subject of his appeal. (Id.)

On October 3, 2014, Livingston filed Administrative Remedy Number 797207-R1 with the Northeast Regional Office.  (Doc. 8-2, Sullivan Decl. ¶ 18; Doc. 8-2, p. 18, Administrative Remedy Generalized Retrieval).  On October 8, 2014, the remedy was rejected as untimely, and Livingston was informed that regional appeals "must be received within 20 days of the Warden's or CCM's response."  (Doc. 8-2, Sullivan Decl. ¶ 19; Doc. 8-2, p. 18, Administrative Remedy Generalized Retrieval).

On November 20, 2014, Livingston appealed the rejection of his administrative remedy to the BOP Central Office, designated as Administrative Remedy Number 796755-A1.  (Doc. 8-2, Sullivan Decl. ¶ 20; Doc. 8-2, p. 21).  On February 24, 2015, the BOP Central Office rejected the appeal.  (Doc. 8-2, Sullivan

Decl. ¶ 21; Doc. 8-2, p. 21).  The Central Office stated that it "[c]oncur[r]ed with [the] rationale of regional office and/or institution for rejection".  (Id.)  The Central Office informed Livingston that he submitted his request to the wrong level, and advised him to follow the directions on the prior rejection notices.  (Id.)  Additionally, Livingston was given an opportunity to explain the untimeliness of his appeal.  (Id.)

On February 9, 2015, Livingston filed Administrative Remedy Number 796755-A2 with the BOP Central Office.  (Doc. 8-2, Sullivan Decl. ¶ 22; Doc. 8-2, p. 25).  On May 6, 2015, the appeal was rejected because it was submitted to the wrong level.  (Doc. 8-2, Sullivan Decl. ¶ 23; Doc. 8-2, p. 25).  Livingston was advised to resubmit his appeal to the Regional Office.  (Id.)

There is no record that Livingston filed any other administrative remedies concerning the claims raised in the present habeas petition.  (Doc. 8-2, Sullivan Decl. ¶ 24).  Additionally, there is no indication that Livingston provided either an adequate explanation or sufficient proof to excuse the significant filing delay.

The instant petition was filed on May 27, 2015.  (Doc. 1).  In the petition, Livingston maintains that he did not commit the act for which he was charged, and the incident report was falsified.  (Id. at p. 3).  For relief, Livingston requests that the court restore his good time credits and expunge the incident report.  (Id. at p. 4).

## II.   **Discussion**

Respondent argues that the petition should be denied based on Livingston's

failure to comply with the BOP's administrative review process.[1]  (Doc. 8, pp. 7-11).

Despite the absence of a statutory exhaustion requirement attached to § 2241,

courts have consistently required a petitioner to exhaust administrative remedies

prior to bringing a habeas claim under § 2241.  See Callwood v. Enos, 230 F.3d 627,

634 (3d Cir. 2000); Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 760 (3d Cir.

1996).  Exhaustion is required "for three reasons: (1) allowing the appropriate

agency to develop a factual record and apply its expertise facilitates judicial review;

(2) permitting agencies to grant the relief requested conserves judicial resources;

and (3) providing agencies the opportunity to correct their own errors fosters

administrative autonomy."  Moscato, 98 F.3d at 761-62 (citing Bradshaw v. Carlson,

682 F.2d 1050, 1052 (3d Cir. 1981)).  Nevertheless, exhaustion of administrative

remedies is not required where exhaustion would not promote these goals.  See,

e.g., Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998) (exhaustion not required

where petitioner demonstrates futility); Lyons v. U.S. Marshals, 840 F.2d 202, 205

---

[1] In general, the BOP's administrative review remedy program is a multi-tier
process that is available to inmates confined in institutions operated by the BOP for
review of an issue which relates to any aspect of their confinement.  (Doc. 8-2,
Sullivan Decl. ¶ 5, citing 28 C.F.R. §§ 542.10, et seq.).  With respect to disciplinary
hearing decision appeals, a BOP inmate can initiate the first step of the
administrative review process by filing a direct written appeal to the BOP's
Regional Director (thus bypassing the institutional level of review) within twenty
days after receiving the DHO's written report.  (Id. at ¶ 7, citing 28 C.F.R. §§
542.15(a), 542.14(d)(2)).  If dissatisfied with the Regional Director's response, a
Central Office Appeal may then be filed with the BOP's Office of General Counsel.
(Id., citing 28 C.F.R. § 542.14(d)(2)).  This is the inmate's final available
administrative appeal.

(3d Cir. 1988) (exhaustion may be excused where it "would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable injury"); <u>Carling v. Peters</u>, No. 00-2958, 2000 WL 1022959, at *2 (E.D. Pa. July 10, 2000) (exhaustion not required where delay would subject petitioner to "irreparable injury").

In the instant matter, Livingston failed to exhaust the available administrative remedies.  Livingston waited approximately twelve years to appeal the decision of the disciplinary hearing officer, well beyond the allotted twenty days. It is clear that the appeals were patently untimely and, therefore, appropriately rejected.  Additionally, despite being advised to resubmit his appeals, Livingston acknowledges that he did not submit any further appeals after the BOP Central Office rejected the appeals.  (Doc. 1, p. 3).  Rather than comply with the directives of the Central Office, Livingston filed the instant petition.  Because Livingston has not alleged facts that would permit the court to find that exhaustion would have been futile, or that requiring exhaustion would subject him to "irreparable injury," the petition will be denied for failure to exhaust administrative remedies.  To hold otherwise would frustrate the purposes of the exhaustion doctrine by allowing prisoners to invoke the judicial process despite failing to complete administrative review.

III.   **<u>Conclusion</u>**

Based on the foregoing, the petition for writ of habeas corpus will be denied.

An appropriate order will issue.

<u>/S/ CHRISTOPHER C. CONNER</u>
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated:        December 21, 2015